# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1443

_____

Aimee Lewis

*Plaintiff - Appellant*

v.

Seventh Circuit Court - South Dakota Unified Judicial System, individual and official capacity; Rapid City Police Department, individual and official capacity; Pennington County Sheriff's Department, individual and official capacity; Debra Diana Watson, Watson Law Office, P.C. in individual and official capacity; Joshua Gednalske, individual and official capacity; Dwayne Gednalske, individual and official capacity; Janice Gednalske, individual and official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: January 29, 2020
Filed: February 12, 2020
[Unpublished]

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Aimee Lewis appeals the district court's[1] dismissal, under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), of her 42 U.S.C. § 1983 complaint alleging violations of her constitutional rights in a pending state court custody action.  Upon review, we find that the district court did not abuse its discretion in abstaining under <u>Younger</u>.  <u>See</u> <u>Sprint Commc'ns, Inc. v. Jacobs</u>, 571 U.S. 69, 78 (2013) (<u>Younger</u> abstention applies in state civil proceedings involving orders uniquely in furtherance of state courts' ability to perform their judicial functions); <u>Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982) (<u>Younger</u> abstention requires that state proceeding is judicial, implicates important state interests, and provides adequate opportunity to raise constitutional challenges); <u>see also</u> <u>Minn. Living Assistance, Inc. v. Peterson</u>, 899 F.3d 548, 551 (8th Cir. 2018) (abuse of discretion review of district court's decision to abstain under <u>Younger</u>; court abuses its discretion when it makes error of law).  We conclude that there is no merit to the contentions that <u>Younger</u> abstention was unavailable because of Federal Rule of Civil Procedure 24 or because this case involves an assertion of Lewis's federal constitutional rights.  <u>Moore v. Sims</u>, 442 U.S. 415, 435 (1979) (approving application of <u>Younger</u> abstention in child-welfare litigation in the face of federal constitutional claims); <u>see</u> <u>Disability Advocates, Inc. v. New York Coal. for Quality Assisted Living, Inc.</u>, 675 F.3d 149, 160 (2d Cir. 2012) (intervention does not provide a basis for jurisdiction and cannot be used to circumvent <u>Younger</u> abstention).

The judgment is affirmed.  <u>See</u> 8th Cir. R. 47B.

_____

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota, adopting the report and recommendations of the Honorable Daneta Wollmann, United States Magistrate Judge for the District of South Dakota.